Good afternoon. The United States Court of Appeals for the Ninth Circuit is now in session. Good afternoon, counsel, and welcome to everybody. It's great to have Judge Gleason sitting with us again by designation. Judge Gleason, thanks for for being with us here virtually. The court does want to thank counsel for making themselves available today. I know this was a rescheduled argument, so thank you, and we'll be looking forward to hearing from you. The case is the United States v. Garcia, case 21-50041, and Ms. Mattei will be pleased to hear from you. Good afternoon, your honors. May it please the court, Ashwini Mattei representing Jorge Garcia, and I'd like to reserve two minutes of my time for rebuttal, and I will try to watch the clock as best I can. Your honors, I don't think there's any dispute about what the law requires here. The legislature under 3583D requires that discretionary conditions involve no greater deprivation of liberty than is necessary to comply with the statutory sentencing factors, and the circuit requires that when that discretionary condition involves the search of electronic devices, that district courts make a properly supported factual finding, establishing a nexus between a defendant's use of electronic devices and the same select statutory sentencing factors. So I wanted to start by addressing the government's argument that the court's factual nexus here is apparent from the face of this condition because of the reasonable suspicion requirement, and one point I'd like to make in addition to the points that I've already briefed is that even with the reasonable suspicion requirement, this condition still involves a significant deprivation of liberty, and I say that because based on how this condition reads, a law enforcement officer need only have reasonable suspicion that say a cell phone contain evidence that Mr. Garcia has violated a condition of his probation. Now a defendant such as Mr. Garcia can violate the conditions of their supervised release, not probation sorry, by relatively innocuous conduct like missing a therapy appointment, and so as the Supreme Court said in Riley, it would be a particularly inexperienced or unimaginative law enforcement officer who couldn't come up with several reasons to suppose that evidence of a crime could be contained in a cell phone, and in this context it wouldn't even have to be evidence of a crime, it would just have to be evidence of a violation of a supervised release condition, which again could amount to very innocuous conduct like missing a therapy appointment, and we could see how... So what evidence would be in the phone if the defendant missed a therapist appointment? GPS location, I mean so many of our apps now require and use GPS location, and so it's very easy, I mean that's one reason I can come up with, other reasons would be... Why would the government need that information? I mean all you need is the therapist to say that the defendant didn't show up. Right, again that makes that this, that's the whole you know reason for proposing this idea, is that this condition actually authorizes a law enforcement to go into a phone based on that argument, based on that principle alone, when there are far less invasive means of ascertaining whether or not a defendant for instance missed a therapy appointment, and so but there's no limitation to this condition, you know that that limits it to you can only rely on this you know justification in certain contexts, it's open-ended, a law Well but did you, is this an argument that was presented below? Because that argument might, sounds like it applies to some kind of supervisory lease violations, but there are there are all kinds of other ones where this argument may not be as strong. I mean again, I think we argued that there was no justification for it in this record, again you know it goes back to the idea that there simply isn't any evidence of electronic use to make this, make such a condition, but you know the least deprivation of liberty necessary to comply with this. What is your, I mean help me understand, is it is it because of the nature of his offense? Because I thought we, say again? No no sorry your honor, I didn't mean to interrupt. No why is that the, is that what's doing the work here for you, the nature of his crimes? It's the nature, it's the entire record, you know there's nothing in his prior crimes, in his in his history or characteristics, in his current conviction, I mean the statute you know the that would indicate that he even to use an electronic device. And so to impose a condition as invasive as this one, when there's actually no evidence that he knows how to use an electronic device, has ever used one. I mean most people know how to use an electronic device, and he's you know he had been found stealing mail and other identity, you know pieces of identity, and I thought that the point the government made was that that does that kind of offense, and that kind of conduct does have a because people are selling these materials online. But there's no evidence that Mr. Garcia's done that, you know he could just as easily be selling that in person. I mean there's no evidence that the government provided, nor data or statistics to indicate how frequently these kinds of crimes do relate to electronic device usage. And without again a properly supported factual finding based on the record before it, you know I don't think a district court is within their rights under the circuit to make this. So how would Mr. Garcia monetize the social security cards, the credit cards, and the checks that he had in his possession? I think the defense attorney at trial actually said it best that often we see defendants like this just sort of selling them in you know person to person, face-to-face contact. It doesn't actually have to involve. But how do you just sell them on the street? Yes, yes your honor. I mean and also you know we an example I gave in the briefing is that they often wash checks, which again doesn't involve the use of an electronic device. So there are many ways. I actually didn't know what that meant. What does that mean? It literally means washing the ink off of checks. So washing who the check is addressed to. Being in this job you learn what kind of ink to use on checks. You know literally washing the checks and writing in a different addressee. So it's a very unsophisticated kind of crime that doesn't involve the use of electronic device at all. So counsel is your argument that this type of condition would never be valid or that there was an insufficient nexus made here and there are cases where this precise language would be acceptable? I think there are cases where this precise language has been acceptable and would be acceptable. But here we don't have the factual nexus to justify it. You know I think I've made the fourth amendment argument in cases before and unfortunately that I do think that ship has sailed. But so what we're arguing here is at minimum when it involves such a significant liberty interest a court needs to justify it and provide the actual factual nexus. And that simply wasn't done here. And the idea that reasonable suspicion can somehow supply that factual nexus essentially eradicates that requirement that has been you know long held to apply in this circuit. And makes this kind of search condition sort of universally applicable. And you know I'd like to make the point that the legislature hasn't made this a mandatory condition under 3583d. It hasn't even made it a discretionary condition under 3563b outside of the context of sex offenses. Nor has the sentencing commission even made this a standard condition under 5d 1.3. And so nowhere has the legislature approved of the broad application of this kind of search condition involving electronic devices. And instead what we have is a legislature saying it must be narrowly tailored to affect the least deprivation of liberty possible. And the circuit saying we require a properly supported factual finding that just wasn't presented here. I'm sorry go ahead. Go ahead judge please. I was going to ask if you see the Witski case the unpublished decision by the I both I think it's I disagree with its holding. But I also think it's distinguishable because it was decided on plain error grounds. And the court made that very clear in that decision. It said that the holding in bar requiring that factual finding does not establish plain error here. And so and I think that's actually a very just I think the standard review here is dispositive. I mean you can see where when a court of appeals has to afford substantial deference to a trial court that there may be you know some argument that they could abstract a factual nexus from the imposition of a reasonable suspicion requirement. But where there is no need to afford that to support you know you know that deference. But you know when there is no need to support that kind of deference just as there isn't here because this was I don't think anybody is saying that it wasn't a properly objected to condition. And so when you do have to carefully review the record I don't think there is enough in this record to establish the kind of factual basis needed to impose this kind of condition. Why couldn't common sense be the bridge? I mean you have credit cards stolen credit cards social security cards checks. I mean it's just using common sense the next step is using a phone or a computer to then monetize that. Maybe there are situations possible not to do that but I think it's at least commonsensical and foreseeable that electronic device would be used as the next step. If that's true then the district court should have made that fact finding and established that below. Without having said anything to that effect I don't think this court can supply that kind of factual basis. I think the court in the the first instance has to do it themselves. I mean I don't and your honor I think that the government has to provide an actual actual support for that kind of common sense application. Again data statistics something to indicate that these kinds of crimes necessarily lead to the use of electronic device. Again in the only cases that applied this sort of forward-looking idea they actually relied on facts in that record to indicate that there was a possibility of using an electronic device in the future based on the way that the defendant had committed this crime the crime at issue there. So there are individualized fact findings necessary that are that a district court I apologize are required to make in order to support that sort of commonsensical leap or that leap in you know my two minutes of time but we will we'll put a minute back on the clock just to make sure you have a chance to respond and let's go ahead and hear from Mr. Acevedo for the United States. Good afternoon and may it please the court my name is Christian Acevedo appearing for the United States. The question before this court is whether to uphold the district court's imposition of an two reasons this court should uphold the district court's imposition of that condition. First the electronic search condition furthers the goals of sentencing and involves no greater deprivation of liberty than is reasonably necessary and second the district court sufficiently explained its reasoning prior to imposing that condition. Both of those reasons implicitly invoke a long-held principle that the district court judge is the ultimate gatekeeper and protector of ensuring that such a supervised release condition is uniquely tailored to a defendant's needs. A context here is critical in evaluating the goals of sentencing as they apply to Mr. Garcia's case. Those goals namely deterrence, public protection, rehabilitation and context is equally important in assessing whether a restriction such as this involves no deprivation of liberty than is reasonably necessary. The context here is that Mr. Garcia is a seven-time felon and recidivist by the age of 26. In the instant case Mr. Garcia was convicted of drug trafficking and firearm offenses but he also has a long history of drug crimes, mail theft and identity theft dating back to 2014. He served numerous jail sentences for Mr. Garcia was arrested with methamphetamine, a firearm, ammunition but he was also arrested with stolen checks, stolen social security cards, stolen driver's licenses and at least 60 stolen credit and debit cards. In short Mr. Garcia was not just involved in the business of guns and drugs he was involved in the business of access device fraud and identity theft. The court imposed counsel how do you respond to Miss Mandy's comment or argument that you that probation could use this as a pretext you know for a minimal violation such as skipping a therapist appointment to then go in and be invasive and search his phone? Your honor twofold. First we would say that the United States Supreme Court as well as this court have many times over upheld search conditions that are equally if not more invasive to further those goals of sentencing and secondly your honor we believe that the reasonable suspicion requirement is a safeguard against a probation officer who would want pretext to search a phone in that it's not just reasonable suspicion that Mr. Garcia or any other defendant has violated the terms of their supervised release but that evidence of that violation exists in the place to be searched in this instance your honor the cell phone or the laptop or the tablet you name it. Right well how do you respond to the case here the hypothetical here that you missing a therapist appointment would then give probation officer a carte blanche to search the phone. One question I have would Mr. Garcia have an ability to object to that and say that that's pretext for something else or it would just have to be remedies after the fact? Your honor we think the remedy there if for instance in this hypothetical if Mr. Garcia missed a therapy appointment and the probation officer rightly or wrongly decided to search the phone on those grounds and discovered evidence of something more damning and charges preceded Mr. Garcia has you know all of his constitutional rights afforded to him in whatever case that might happen to take effect in. Further your honor again we come back to the fact that this this isn't a groundbreaking principle. Defendants on supervised release or state probation have long been subject to search conditions of their person their vehicles and now that we go into the land of the key here is that at the time of sentencing the district judge evaluated the circumstances of Mr. Garcia's case and uniquely tailored a supervised release condition here that was appropriate under the circumstances. Just to just to make sure we have your answers so on the point Judge Bumate was raising so I heard you basically say that if there was an improper excessive search and something was then some of that evidence was sought to be used he may have essentially exclusionary rule type arguments against its use that's sort of one one bucket of possible protections. How about how about before the say the phone is searched does he have any does he have any ability to stop the probation officer from getting the search going to court and try to get this resolved up front? Your honor no different than he would have in any other instance where it's a search of his person or a search of his vehicle and we think your honor there's nothing unique about the phone that where Mr. Garcia should be granted or carved out some additional right that's unique to a digital device. To us your honor the digital device condition is akin to to any other condition this court has upheld as appropriate in the past. And in this instance your honor again there was more than a factual basis for Judge Anderson to impose the digital device condition when he decided to impose it. There was a long discussion between government counsel defense counsel and the district judge about whether or not that after that discussion did Judge Anderson make the ultimate decision to impose the digital the electronic search condition as as it were. But did was there any argument by the defendant that certain types of supervised release violations might be inappropriate in other words if they thought he was selling credit cards on the internet that would sound like a pretty valid reason but if if if the reason was to check if he had made his therapy appointment that maybe would be less valid did the defendant argue for any kind of parsing like that or a narrowing of this condition? I know your honor the defendant objected to the condition in its entirety. And really the record at page nine your honor lays out a long back and forth between defense counsel who said with respect to the condition indicating that he should subject his let's see data storage media social media all computers and defense counsel goes on we do not believe that's actually related to the offense charged and in that instance your honor defense counsel objected entirely to the condition. Government counsel responded explaining that the types of offenses and the types of crimes Mr. Garcia was committed namely that he was in the business of access device fraud and identity theft is uniquely tied to the internet. Those were the words of the government counsel and it was only after that discussion that Judge Anderson decided to impose the electronic search condition. So we think your honor the record is rich with facts to support the district judge's decision to impose this particular condition especially your honor in light of the supreme court's long-standing precedent that at sentencing there are no there are no magic words required that a district judge at sentencing relies on the totality of the circumstances the context and that it is to you to say it bluntly it is fair to interpret the record in that light that the district judge relied on just like in this instance the facts in the plea agreement the PSR the defendant's own statements the statements of counsel before deciding in understanding what was going through the district judge's head when he decided to impose the search condition so here your honor how do you respond to defense counsel you said you know i think it is commonsensical that given the facts that using electronic device is the next step but the district court never made that never made that connection what's your response to that yes your honor we we think they did um to put it to put it one way um again your honor the record uh shows that defense counsel objected and explained the reasoning for their objection government counsel uh responded and explained that uh this kind of fraud is rampant uh in conjunction with the internet um defense counsel had a bit of a rebuttal uh if you will and then it was only after that your honor that judge anderson imposed the condition so we think in light of the supreme court's precedent in chavez mezza and in rita that uh those circumstances your honor create more than enough fertile ground to infer uh that uh judge anderson here uh adopted the government's explanation of why that search condition was warranted that the those offenses were tied to access device fraud and identity theft in particular are so unique uniquely tied to the use of digital devices that the condition would have been appropriate for mr garcia under these particular circumstances um in light of the fact that that condition is going to uh alleviate concerns of uh mr garcia reoffending in light of the fact that the district court sufficiently explained its decision uh we would respectfully request that this court uphold the imposition of the electronic search condition thank you mr acevedo let's hear rebuttal um your honors i just wanted to address the um idea that the district court somehow adopted a common sense understanding of how this how the defendant's electronic use could implicate the statutory sentencing factors again i i don't think that happened on this record and i'm not you know i think a common sense uh interpretation still has to be based on the facts of the case before that judge so again it's called the the bear court asked for a properly supported factual finding based on the record before it and so a common sense leap from whether or not a defendant who's never used electronic devices in the commission of any offense or in you know in their history to well this kind of crime could potentially lead to oh the use of electronic devices but then again affect a sort of universal imposition of this kind of condition in all such cases and i think as the panel said in kitchen that's just not supportable you know you uh the a condition that's this invasive there still needs to be some sort of distinguishing factual finding based on the record before it such as there wasn't there again that was a you know a forward-looking condition that was imposed where there was a common sense link made but a common sense link made based on the facts of that case that defendant had been using had been plotting firearms in connection with their business and had a computer that he was using in connection with that business and so the court then was able to make the common sense link that the defendant might in the future use a computer to commit the same crime because it was related to his business records you know we do not have any such factual basis for making that kind of common sense link in the record here i think we have your argument but i we've let you go a little over i want to just uh see if either of my colleagues have further questions for you this afternoon thank you i want to thank both of you for your arguments this this afternoon excuse me and the case is submitted we'll take a recess before the next argument and we'll stand in recess for a few minutes thank you this court now stands in recess
judges: BRESS, BUMATAY, Gleason